**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1280**

_____

ISRAEL VALENTIN VELIZ-SAENZ; ANA RUBI LOPEZ-RODRIGUEZ; D.M.V.; A.B.V.

                    Petitioners,

          v.

PAMELA JO BONDI, Attorney General,

                    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  March 14, 2025                                    Decided:  May 6, 2025

_____

Before KING, GREGORY, and RUSHING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** William J. Vasquez, VASQUEZ LAW FIRM, PLLC, Smithfield, North Carolina, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Stephen J. Flynn, Assistant Director, Jonathan S. Needle, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Valentin Veliz-Saenz, his wife, and two minor children, natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals (Board) dismissing Veliz-Saenz's appeal from the Immigration Judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Board held that Veliz-Saenz waived review of dispositive rulings regarding asylum and withholding of removal and did not meaningfully challenge the denial of CAT protection. Upon review, we find that Veliz-Saenz failed to administratively exhaust his claims. As the Attorney General has properly invoked the exhaustion requirement specified in 8 U.S.C. § 1252(d)(1), we decline to consider them. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 419 (2023); *Trejo Tepas v. Garland*, 73 F.4th 208, 213-14 (4th Cir. 2023). While Veliz-Saenz attempts to raise an ineffective assistance of counsel claim pursuant to *Matter of Lozada*, 19 I. & N. Dec. 637 (1988), asserting that counsel failed to file a brief on appeal to the Board from the IJ, such claim must first be presented to the Board in a motion to reopen. *See Xing Yang Yang v. Holder*, 770 F.3d 294, 299 n.6 (4th Cir. 2014) (noting that Court lacked jurisdiction to consider ineffective assistance claim that was not raised first before the Board).

Accordingly, we deny the petition for review. *In re Veliz-Saenz* (B.I.A. Mar. 4, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2